NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MUZAFER FRANGU, | : | Civil Action No. 18-9159 (CCC) |
| Petitioner, | : | |
| | : | |
| v. | : | **MEMORANDUM OPINION** |
| | : | **AND ORDER** |
| JEFFERSON SESSIONS, et al., | : | |
| | : | |
| Respondents. | : | |

**CECCHI, District Judge.**

This matter comes before the Court on a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner Muzafer Frangu. Petitioner is challenging his detention by immigration officials pending his deportation. Having screened the Petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b), the Court dismisses the Petition.

Petitioner concedes that he has a final order of removal issued against him; however, he has been released on an order of supervision pursuant to 8 U.S.C. § 1231(a)(3) since 2009, as the government has not been able to obtain travel documents to effectuate removal. On April 10, 2018, after a valid travel document was received, Petitioner was informed by the government that he would be re-detained, (ECF No. 1-4 at 9 ("Your case was presented to the Macedonia Government for repatriation and a valid travel document has been issued and received. You will remain in custody pending your removal in the near foreseeable future.")), and Petitioner was re-detained on May 9, 2018. Petitioner raises two grounds for relief: (1) his detention has already exceeded the six-month presumptively reasonable period of detention established in *Zadvydas v.*

*Davis*, 533 U.S. 678 (2001), and (2) because Petitioner never violated his terms of supervision, the re-detention infringes on his due process rights. The Court rejects both claims.

First, Petitioner is not entitled to relief simply because his length of detention has exceeded six months. To state a claim under *Zadvydas*, the alien must provide good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. *See id.* at 701. Given that the government has obtained a valid travel document and states that Petitioner's removal will take place in the "near foreseeable future," Petitioner has failed to make this showing.

Second, Petitioner's due process claim regarding his re-detention is meritless. Federal law specifically authorizes the detention of aliens who are subject to final orders of removal. 8 U.S.C. § 1231(a)(2). While § 1231 also authorizes the Attorney General to release such aliens on orders of supervision, *see* 8 U.S.C. § 1231(a)(3), that does not confer a *right* to aliens for such release. *See* 8 U.S.C. § 1231(h) ("Nothing in this section shall be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person."). Here, it appears that Petitioner is contending that the government violated his procedural due process by revoking Petitioner's release without notice. However, a procedural due process claim requires, as a threshold, the violation of a substantive right, which as § 1231(h) makes clear, Petitioner cannot allege. *See Fanti v. Weinstock*, 629 F. App'x 325, 330 (3d Cir. 2015); *Huertas v. Sec'y Pa. Dep't of Corr.*, 533 F. App'x 64, 66 (3d Cir. 2013) ("Procedural due process rights are triggered by deprivation of a legally cognizable . . . interest.").[1] Moreover, 8 C.F.R. § 241.13(i)(2) states that the government "may revoke an alien's

---

[1] Certainly, individuals have a legally cognizable interest to be free from unlawful detention. However, unless Petitioner is challenging the government's legal authority to detain him under § 1231(a)(2), which the Petition does not allege, Petitioner has no right to supervised release under § 1231(a)(3).

release under this section and return the alien to custody if, on account of changed circumstances, the [government] determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future." 8 C.F.R. § 241.13(i)(2). Nothing in this regulation is inconsistent with the language of § 1231(h), and the Court is obligated to defer to an agency's reasonable interpretation of the statute. *See Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 844 (1984). Although Petitioner was released under supervision in the past because removal was deemed unlikely, Petitioner's deportation is now imminent, and the Petition is therefore dismissed. Accordingly,

IT IS on this ___16___ day of ___May___, 2018,

**ORDERED** that the Petition is hereby **DISMISSED**; and it is further

**ORDERED** that the Clerk shall serve this Memorandum Opinion and Order upon Petitioner, and shall **CLOSE** the file.

_____
Claire C. Cecchi, U.S.D.J.